CORNELL SMITH,

               Petitioner,

v.                                             Case No. 26-cv-0529-bhl

WARDEN CHRIS BUESGEN,

               Respondent.

---

## SCREENING ORDER

---

Petitioner Cornell Smith, a state prisoner currently incarcerated at Stanley Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on March 30, 2026. (ECF No. 1.) On April 6, 2026, the Court ordered Smith to file an amended petition on the Court's local habeas form if he wished to proceed with this case. (ECF No. 4.) On May 4, 2026, Smith filed an amended petition. (ECF No. 17.) Accordingly, the petition is now ready for screening.

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to screen a prisoner's habeas petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court. The Court also considers whether the petitioner has filed within the statute of limitations period. Generally, a state prisoner must file his habeas petition within one year of the judgment becoming final. 28 U.S.C. § 2244(d)(1)(A).

The petition refers to *State v. Smith*, Kenosha County Circuit Court Case Numbers 90-CF-539 and 91-CR-123. (ECF No. 17 at 5.) In those cases, Smith was charged with numerous offenses

arising from two separate incidents in which he entered a house and sexually assaulted a young girl present in the home. *State v. Smith*, Nos. 93-1417-CR, 93-1418-CR, 1994 WL 59605, *1 (Wis. Ct. App. Mar. 2, 1994). Prior to trial, Smith pleaded guilty to two counts of armed burglary arising from the entries, and to two counts of first-degree sexual assault arising from an act of sexual intercourse with each girl. (*Id.*) Smith proceeded to a jury trial on the remaining fourteen counts. (*Id.*) The jury found Smith guilty of all seven counts involving Jennifer W., including three "while armed" allegations. (*Id.*) As to the other victim, Lashawn S., the jury found Smith not guilty of one count of sexual assault and guilty of the remaining six counts. (*Id*). The jury found Smith not guilty of the three "while armed" allegations as to Lashawn. (*Id.*) On appeal, Smith attacked the validity of the guilty plea, the effectiveness of trial counsel and argued that several of the counts were multiplicitous, the State failed to establish his repeater status and he asked for a new trial. (*Id.*) Smith's conviction was affirmed on March 2, 1994. (*Id.*) On May 3, 1994, the Wisconsin Supreme Court denied review, over thirty years ago. *State v. Smith*, No. 93-1417-CR, 93-1418-CR, 520 N.W.2d 90 (Wis. May 3, 1994).

Where, as here, Smith's state court conviction became final prior to the Antiterrorism and Effective Death Penalty Act's effective date, April 23, 1996, the one-year statute of limitations period begins on April 24, 1996. *See Johnson v. McCaughtry*, 265 F.3d 559, 561 (7th Cir. 2001). The Court received Smith's petition almost *30 years* after the statute of limitations expired. It therefore appears that Smith's petition is untimely. Smith claims in his petition that he filed a motion for post-conviction relief "between 2004 and 2006." (ECF No. 5 at 17.) Even if accurate, however, this motion came well after the statute of limitations had already expired and does not restart his deadline for seeking habeas relief. *See* 28 U.S.C. § 2244(d)(2).

Smith also states that he filed a prior federal challenge seeking a writ of habeas corpus "between 1998 or 2004." (ECF No. 17 at 15.) On July 7, 1997, it appears that Judge Rudolph T. Randa dismissed Smith's petition for failure to exhaust his available state remedies and dismissed his case. *See Smith v. McCaughtry*, Case No. 97-cv-0291-rtr (E.D. Wis.). Typically, a dismissal for failure to exhaust is without prejudice because the Court is not ruling on the merits of the case and is instead allowing the petitioner to fix the procedural error and potentially refile the petition later once the administrative remedies are exhausted. Such a petition is not the equivalent of a "second or successive habeas petition" as would require authorization from the Court of Appeals before filing. *See* 28 U.S.C. §2244(b)

It appears, therefore, that Smith's petition is untimely, however, it may be possible, albeit unlikely, that Smith could show that the limitation period for his claims began running at a date other than when his criminal judgment became final. *See* 28 U.S.C. § 2244(d)(1)(B)–(D). It is also possible, but again unlikely, that Smith could show that he is entitled to equitable tolling. *See Gladney v. Pollard*, 799 F.3d 889, 895–96 (7th Cir. 2015); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing") (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Accordingly, before dismissing the petition as untimely, the Court will allow Smith thirty (30) days to explain why his claims are not barred by Section 2254's one-year statute of limitations. If Smith fails to file a response that complies with this Order, his Petition will be dismissed for lack of diligence pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Civil Local Rule 41(c) (E.D. Wis.).

**IT IS HEREBY ORDERED** that, within **thirty (30) days of the date of this Order** or on or before **June 7, 2026,** Smith shall show cause, if any, why his application for relief under Section 2254 is not time-barred. If Smith fails to respond within thirty (30) days, his petition will be dismissed with prejudice.

**IT IS FURTHER ORDERED** that Smith's renewed motion for leave to proceed without prepayment of the filing fee, ECF No. 19, is **DENIED as moot** because the Court granted Smith's motion for leave to proceed without prepayment of the filing fee on April 29, 2026. *See* ECF No. 16.

**IT IS FURTHER ORDERED** that Smith's motion for reconsideration of the Court's prior order denying Smith's petition to proceed without prepayment of the filing fee, ECF No. 18, is **DENIED as moot** because the Court granted Smith's motion for leave to proceed without prepayment of the filing fee on April 29, 2026. *See* ECF No. 16.

Dated at Milwaukee, Wisconsin on May 8, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge