UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CORNELL SMITH,

                    Petitioner,

        v.                                                    Case No. 26-cv-0529-bhl

CHRIS BUESGEN, Warden,

                    Respondent.

## ORDER DISMISSING 28 U.S.C. §2254 PETITION

On May 8, 2026, the Court screened Petitioner Cornell Smith's petition for writ of habeas corpus and, after determining that the petition was untimely, provided Smith 30 days to explain why his claims were not time-barred. (ECF No. 21.)[1]  In response, on May 18, 2026, Smith filed a brief arguing that "prison administrative crimes against [his] legal properties" prevented Smith's ability to provide accurate dates to this Court. (ECF No. 24 at 1.)  Smith also filed an attachment, referencing a prior unsuccessful petition for writ of habeas corpus, which was dismissed on exhaustion grounds, and contending that he submitted a motion for post-conviction relief after dismissal of his earlier petition. (ECF No. 24-1 at 2.)  On May 26, 2026, Smith filed a "motion for clarity," in which he asserts that the "illegal taking" of his court documents "destroyed all chances and hopes of proving his innocence." (ECF No. 25 at 2.)  The Court will treat these filings as Smith's collective attempt to demonstrate that he is entitled to equitable tolling.  Because Smith has not succeeded in this attempt, the Court will dismiss Smith's petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 as untimely.

To successfully invoke equitable tolling, Smith must come forward with evidence that: (1) "extraordinary circumstances" prevented him from timely filing his petition; and (2) he has "diligently pursu[ed] his rights." *Conroy v. Thompson*, 929 F.3d 818, 820 (7th Cir. 2019) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)).  Even considering all of Smith's filings collectively, he has not established either requirement.  His brief and motion to clarify offer few

---

[1] The Wisconsin Supreme Court denied review of Smith's claims more than thirty years ago. (*Id.* at 2 citing *State v. Smith*, No. 93-1417-CR, 93-1418-CR, 520 N.W.2d 90 (Wis. May 3, 1994).)

details and simply include the conclusory assertion that "cause is shown for equitable tolling that some extraordinary circumstances stood in his way [and] prevented timely filing" and contends "prison administrative crimes" prevented his ability to provide accurate dates as to when he "attempt[ed] to exhaust his state remedies." (ECF No. 24 at 1.) This generic statement is insufficient.

Smith's assertions do not establish "extraordinary circumstances." While a prison's interference with an inmate's ability to file a petition by improperly seizing legal materials might constitute extraordinary circumstances, *Weddington v. Zatecky*, 721 F.3d 456, 464–65 (7th Cir. 2013), Smith has not alleged specific facts supporting such a claim. He has not indicated when or why his legal materials were allegedly confiscated or any context related to this alleged incident. Instead, he offers only conclusory allegations that the seizure of his materials prevented a timely habeas filing.

Smith has also failed to offer facts supporting a finding that he was reasonably diligent in pursuing his rights. To satisfy the diligence requirement, he must show that he actively pursued his rights, starting August 1, 1994, when his judgment became final, and continuing throughout the limitations period, until he finally filed his untimely habeas petition. *See Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016); *see also Moreland v. Eplett*, 18 F.4th 261, 271 (7th Cir. 2021) (explaining that reasonable diligence requires the petitioner to provide "he diligently tried to protect his rights over time, not just at some points near the end of the limitations period."). Smith provides no dates or details whatsoever suggesting that he pursued his rights diligently. Without such details, Smith cannot establish that he diligently pursued his rights throughout the statute of limitations period. Because he provides no credible evidence of his efforts, he is not entitled to equitable relief from the limitations period. *See Carpenter*, 840 F.3d at 870–73.

Equitable tolling is an extraordinary remedy that is "rarely granted." *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013). Smith has not provided a basis for the Court to conclude that the rare circumstances in which equitable tolling might be appropriate could even apply here. His reliance on mere conclusory statements fails. He has not shown that he diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his petition. Given his lack of specifics, his request for equitable tolling will be denied without a hearing. *See Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001). The Court finds no basis to equitably toll the statute of limitations and, therefore, will dismiss Smith's Section 2254 petition as untimely.

Accordingly,

**IT IS ORDERED** that Smith's motion for clarity, ECF No. 25, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Smith's petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that a certificate of appealability **SHALL NOT ISSUE**. The Court does not find that reasonable jurists could debate that the petitioner has made a substantial showing of the denial of a constitutional right and that the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on June 5, 2026.

s/ *Brett H. Ludwig*

BRETT H. LUDWIG
United States District Judge